### JACOB WEAD v. THOMAS MARSH.

A declaration, declaring upon a note payable in "fulled cloth," is supported by a note payable in "woolen fulled cloth," and the legal effect of its being payable at its *cash price,* is the same as if payable at its *cash value.*

ASSUMPSIT, in which plantiff declared against the defendant upon a note payable "in good saleable fulled cloth, on 'the 1st day of November 1838, at its cash *price.*"

On the trial in the county court, the plaintiff offered in support of his declaration, a note payable "in good saleable 'woolen fulled cloth on the 1st day, of November 1838, at

' its cash value." The defendant objected to the introduction of the note offered, on the ground of variance between it and the one described in the declaration. The execution of the note having been admitted, the court overruled the objection and permitted the note to go to the jury, who returned a verdict for the plaintiff. The defendant excepted.

*H. R. & J. J. Beardsley,* for defendant.

The contract given in evidence must agree in substance and in terms with that stated in the declaration. *Bristow* v. *Wright,* 2 Doug. 166. Lord Ray. 735. Phil. Ev. 168. 1 Starkie's Ev. 374-5. *Russell* v. *South Britain Society,* 9 Conn. R. 508. *Barnwell* v. *Taintor's Admistrator,* 5 Conn. R. 273.

The distinction in the *manner* of proof, between matter of substance and matter of description, is, that the former must be *substantially* proved, and the latter *literally* proved. *Stoddard* v. *Palmer,* 10 C. L. R. 4. *Purcell* v. *Macnamara,* 9 East's R. 157. 1 Starkie's Ev. 383.

An allegation that a note is payable in " fulled cloth," varies both in *substance* and *description* from a note payable in " woolen fulled cloth," and a note of the latter description will not support such an allegation.

1. Because " fulled cloth " is not necessarily composed of wool exclusively, but may be, and often is, wrought from wool and cotton or flax combined, and from the two latter materials alone, and various others, where wool forms no part of the texture.

2. Because the term, woolen, is descriptive of the contract and cannc. be suppressed or superadded, without destroying its identity.

Whenever an allegation *limits* or *narrows* that which is essential, it is necessarily descriptive ; and whenever that which is proved, in addition to what is alleged and is descriptive of and affects its identity, the variance is fatal ; for that which is essential to a correct description has been omitted. 1 Starkie's Ev. 386, 388, 398, 2 C. L. R. 146. That there is a material variance between the plaintiff's declaration and the note offered in proof, the following cases are referred to. *Jones* v. *Cawley,* 10 C. L. R. 377. *Sax-*

*ton* v. *Johnson,* 10 Johns. R. 418, and cases cited in note. *Rossetter* v. *Marsh,* 4 Conn. R. 196. *Carley* v. *Dean,* 4 Conn. 259. *Rossetter* v. *Downs,* 4 Conn. 292. *Barnwell* v. *Taintor's Administrator,* 4 Conn. R. 568. *Watson* v. *Osborn,* 8 Conn. R. 363. *Lawrence* v. *Knico,* 10 Johns. 140. *Baker* v. *Newbigin,* 21 C. L. R. 389, 435. 5 Peters' Cond. R. 225. *Spraule* v. *Legg,* 14 C. L. R. 174. *Cook* v. *Graham,* 3 Cranch, 229. *Sheehy* v. *Mandeville,* 7 Cranch, 208. *Page's Administrator* v. *Bank of Alexandria,* 7 Wheaton's R. 35. *Alexander* v. *Harris,* 4 Cranch, 299. *Dillingham* v. *United States,* 2 Wash. C. C. R. 422. *Ferguson* v. *Harwood,* 7 Cranch, 413. *United States* v. *McNeil,* 1 Gallis. 387. *Pope et al.* v. *Bonnett,* 1 Mason, 117. *Trask* v. *Duvall,* 4 Wash. C. C. R. 181. *Craig* v. *Brown,* Peter's C. C. R. 139. *Smith* v. *Barker,* 3 Day's R. 312, *Sebree* v. *Dorr,* 9 Wheat. 558. *Vail* v. *Strong,* 10 Vt. R. 457. *Brown* v. *Knill,* 6 C. L. R. 167.

*T. Mansfield,* for plaintiff.

The plaintiff has declared according to the substance and effect of the note. Domestic woolen milled cloth has long been known and designated in Vermont, and particularly in this county, by the name of fulled cloth. And other kinds of milled cloth, composed wholly of wool, are known and designated in commercial dealings by particular names, such as broadcloth, plaid, kerseymere, &c., and, to satisfy a promise to pay the one or the other, the party promising would have to deliver an article composed wholly of wool. And in the description of articles of trade, a variance will be material or otherwise, in point of law, as it is material or immaterial in point of fact in ordinary language and acceptation.

And the court will take notice of the meaning of English words and terms of art, however peculiar to a particular county or place. 1 Chit. Pl. 224.

It is a universal rule that it is sufficient to prove any allegation according to its legal effects, or, in other words, when an instrument is described by its substance and effect, it is sufficient to prove it by one which corresponds in legal effect. 3 Stark. Ev. 1564, 1589. 1 H. B. 283. 4 Conn. R. 77.

The word, *woolen,* in the note has no legal operation, as the note is the same in substance without it. And the omis-

sion to allege that which has no legal operation is immateri-al.   3 Stark. Ev. 1597.   The case shows a mere redundan-cy of proof, which is always immaterial when the additional matter proved does not alter the legal effect of that which is alleged.   3 Stark. Ev. 1563, 1564.

FRANKLIN,
*January,*
1842.

Rosseau *et al.*
*v.*
Cull *et al.*

The opinion of the court was delivered by

BENNETT, J.—It is true that every party, to avoid a vari-ance, must declare upon a contract according to its legal ef-fect.   The declaration is upon a note payable in *fulled cloth,* and we think a note payable in *woolen fulled cloth* supports it.   The term, " fulled cloth," is understood, in common par-lance, with us, to imply woolen fulled cloth.   No one would understand it to the contrary.   It is also said in argument, that there is a difference between a note being payable in an article, at *its cash price* and *its cash value,* but it would seem to be a distinction without a difference.   At all events it is beyond the comprehension of the court.

Judgment of the county court is affirmed.